**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KELBY DAVIS,** | : | |
| **Petitioner** | : | **No. 1:25-cv-02030** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **THOMAS McGINLEY, <u>et al.</u>,** | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Currently before the Court is pro se Petitioner Kelby Davis ("Davis")'s petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  The Court previously ordered Davis to show cause

why the Court should not dismiss his Section 2254 habeas petition as untimely, and he has

responded to this Order.  For the reasons stated below, Davis's arguments lack merit and, as

such, the Court will dismiss Davis's petition as untimely, decline to issue a certificate of

appealability, and direct the Clerk of Court to close this case.

I.    **BACKGROUND**

A.    **Davis's Underlying State-Court Criminal Proceedings**

In April 2018, Davis was charged with "endangering the welfare of children, corruption

of minors, and multiple counts of rape, aggravated indecent assault, involuntary deviate sexual

intercourse (IDSI), statutory sexual assault, and other sex offenses, based on allegations that he

sexually abused his minor stepdaughter on various dates between 2016 and 2018."  <u>See</u>

<u>Commonwealth v. Davis</u>, No. 773 MDA 2020, 2021 WL 754346, at *1 (Pa. Super. Ct. Feb. 26,

2021) (unpublished) ("<u>Davis I</u>"); <u>Commonwealth v. Davis</u>, No. 948 MDA 2023, 2024 WL

2797081, at *1 (Pa. Super. Ct. May 31, 2024) (unpublished) ("<u>Davis II</u>"); Docket,

<u>Commonwealth v. Davis</u>, No. CP-54-CR-0000695-2018 (Schuylkill Cnty. Ct. Com. Pl. <u>filed</u>

Apr. 30, 2018) ("CCP Dkt.").[1]  In January 2019, Davis entered into a plea agreement in which he

would plead guilty to endangering the welfare of children (18 Pa. C.S. § 4304(a)(1)), corruption

of minors (18 Pa. C.S. § 6301(a)(1)(ii)), and one count each of aggravated indecent assault (18

Pa. C.S. § 3125(a)(8)), IDSI (18 Pa. C.S. § 3123(a)(7)), and statutory sexual assault (18 Pa. C.S.

§ 3122.1(b)).  See Davis II, 2024 WL 2797081, at *1; CCP Dkt.  In addition, Davis would

receive an aggregate prison sentence of incarceration for a minimum of ten years to a maximum

of twenty years, to be followed by ten years of probation.  See Davis II, 2024 WL 2797081, at

*1; CCP Dkt.

      This plea agreement was never consummated because Davis withdrew his plea before the

plea hearing.  See Davis II, 2024 WL 2797081, at *1; CCP Dkt.  Due to the withdrawal of his

plea, Davis's case was scheduled to proceed to trial; however, on March 26, 2019, the eve of

trial, Davis and the Commonwealth reached another plea agreement through which: (1) Davis

would plead guilty to endangering the welfare of children, corruption of minors, and three counts

each of aggravated indecent assault, IDSI, and statutory sexual assault; (2) the Commonwealth

would nolle pros all other charges; and (3) sentencing would be left up to the trial judge.  See

Davis II, 2024 WL 2797081, at *1 (citations omitted); CCP Dkt.  That same day, Davis pleaded

guilty in accordance with the plea agreement, and the Court of Common Pleas of Schuylkill

County sentenced him to an aggregate term of incarceration for a minimum of twenty-two years

---

[1] The Court takes judicial notice of the dockets for Davis's underlying criminal case and any
related appeals, all of which are available on the Unified Judicial System of Pennsylvania Web
Portal (https://ujsportal.pacourts.us/CaseSearch).  See Orabi v. Att'y Gen. of the U.S., 738 F.3d
535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of
another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008)
(taking judicial notice of court docket).

to a maximum of forty-four years on April 29, 2019.  See Davis I, 2021 WL 754346, at *1; Davis II, 2024 WL 2797081, at *1 (citations omitted); CCP Dkt.[2]

Davis did not file post-sentence motions or a direct appeal from his sentence.  See Davis II, 2024 WL 2797081, at *1; CCP Dkt.  He did, however, timely file a counseled petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA"), on October 11, 2019, in which he argued that the PCRA court should vacate his guilty plea and sentence because of the ineffective assistance of his trial counsel, and he sought restoration of his rights to file a post-sentence motion as well as a direct appeal.  See Davis II, 2024 WL 2797081, at *1; CCP Dkt.  On November 8, 2019, the PCRA court granted Davis's PCRA petition, restored his post-sentence motion and direct appeal rights, and deferred ruling on his ineffective-assistance-of-counsel claims other than those relating to his trial counsel's failure to file a post sentence motion and appeal despite Davis's request that they do so.  See Davis II, 2024 WL 2797081, at *1; CCP Dkt.

Davis then filed a post-sentence motion on November 14, 2019, in which he, inter alia, (1) argued that the trial court failed to inform him of his right of allocution at his sentencing hearing, (2) challenged his sentence as excessive, and (3) challenged his guilty plea as involuntary because his trial counsel allegedly was not prepared to try the case and did not

---

[2]  This sentence consisted of:

> consecutive sentences of 2 to 4 years for one of the statutory sexual assault counts, 5 to 10 years for each of the IDSI counts, 3 to 6 years for one of the aggravated indecent assault counts, 1 to 2 years for endangering the welfare of children, and 1 to 2 years for corruption of minors, and concurrent sentences of 2 to 4 years for each of the other statutory sexual assault counts and 3 to 6 years for each of the other aggravated indecent assault counts.

See Davis II, 2024 WL 2797081, at *1; see also CCP Dkt.

3

provide him with correct advice about the sentence that he would receive.  See Davis I, 2021 WL 754346, at *1; Davis II, 2024 WL 2797081, at *1; CCP Dkt.  By mutual agreement of the parties, the trial court vacated Davis's sentence and scheduled a resentencing hearing.  See Davis I, 2021 WL 754346, at *1; CCP Dkt.  On January 13, 2020, the trial court again sentenced Davis to a minimum of twenty-two years to a maximum of forty-four years of state incarceration.  See Davis I, 2021 WL 754346, at *1; CCP Dkt.

On January 21, 2020, Davis timely filed a post-sentence motion in which he alleged that the trial court imposed an excessive sentence, and he did not knowingly or voluntarily plead guilty.  See Davis I, 2021 WL 754346, at *1; CCP Dkt.  The trial court denied Davis's post-sentence motion on April 29, 2020.  See Davis I, 2021 WL 754346, at *1; CCP Dkt.  Davis then filed a timely appeal to the Pennsylvania Superior Court, in which he argued that the trial court: (1) erred in denying his post-sentence motion to withdraw his guilty plea after "finding that [his] plea was not entered upon his belief that he would receive a minimum sentence of [four] years of incarceration, when he then received an aggregate sentence of 22 to 44 years"; and (2) abused its discretion by failing to consider his rehabilitative needs and "running the sentences of multiple charges consecutively to each other, resulting in a manifestly excessive sentence of 22 to 44 years of incarceration."  See Davis I, 2021 WL 754346, at *2 (second alteration in original).  The Superior Court rejected Davis's arguments and affirmed his judgment of sentence on February 26, 2021.  See id. at *6.

Davis filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on August 24, 2021.  See Davis II, 2024 WL 2797081, at *2.  Davis did not seek further review by the United States Supreme Court.

On October 16, 2022, Davis timely filed a pro se PCRA petition in which he asserted that (1) his trial counsel "was ineffective in failing to file a motion to suppress his confession and in inaccurately advising him concerning his sentence exposure"; (2) "his convictions should have merged for sentencing"; and (3) the trial judge was biased against him because he was aware of Davis's withdrawal of his previous guilty plea. See id. at *2; CCP Dkt. Because this PCRA petition effectively served as Davis's first PCRA petition, the PCRA court appointed counsel to represent him in his post-conviction collateral proceedings. See Davis II, 2024 WL 2797081, at *2; CCP Dkt.[3] Davis's PCRA counsel did not file an amended PCRA petition, and on January 23, 2023, the PCRA court issued a notice of its intent to dismiss Davis's PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907 because the PCRA court determined that his claims were waived insofar as he either previously litigated them or failed to include them in his 2019 PCRA petition.[4] See Davis II, 2024 WL 2797081, at *2 (citation

---

[3] If a prior PCRA petition is granted which reinstates a petitioner's direct appeal rights, the petitioner's next timely PCRA petition filed is considered as their first petition. See Commonwealth v. Turner, 73 A.3d 1283, 1285–86 (Pa. Super. Ct. 2013) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated nunc pro tunc in [their] first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." (citing Commonwealth v. Karanicolas, 836 A.2d 940, 944 (Pa. Super. Ct. 2003))). If the petitioner cannot afford counsel, the PCRA court must "appoint counsel to represent the [petitioner] on the[ir] first petition for post-conviction collateral relief." See Pa. R. Crim. P. 904(C).

[4] Rule 907 provides in pertinent part that:

> [I]f[, after promptly reviewing the PCRA petition,] the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.

See Pa. R. Crim. P. 907(1).

omitted); CCP Dkt.  In response to this notice, Davis argued that he had not waived his ineffective-assistance-of-counsel claim or his claim about the trial court's alleged bias.  See Davis II, 2024 WL 2797081, at *2.

Despite having issued the Rule 907 notice, the PCRA court held a hearing on Davis's PCRA petition on April 3, 2023.  See id.  During the hearing:

> [Davis] testified, and the Commonwealth introduced transcripts from [his] April 29, 2019 sentencing and the March 10, 2020 hearing on his post-sentence motion. [Davis] testified that his trial counsel had advised him to accept the initial plea bargain and then withdraw it to obtain more time to prepare the case, that trial counsel did not obtain records necessary to his defense, and that the trial court knew when it sentenced him that he had previously withdrawn a guilty plea.  [Davis] introduced no evidence at the PCRA hearing concerning trial counsel's failure to move to suppress his confession or that there were any valid grounds for a motion to suppress.

See id. (internal citation omitted).

The PCRA court denied Davis's PCRA petition on May 18, 2023, finding that he waived his claim that his trial counsel was ineffective for failing to file a motion to suppress as well as his merger claim because he did not include them in his 2019 PCRA petition.  See id.  The PCRA court also denied Davis's other ineffective assistance of counsel claims and his trial-court-bias claim on the merits.  See id.

Davis timely appealed from the denial of his PCRA petition to the Superior Court, and he argued on appeal that "the PCRA court erred in holding that his ineffective assistance of counsel and merger claims were waived."  See id. at *3.  On May 31, 2024, the Superior Court affirmed the denial of Davis's PCRA petition, albeit on different grounds than the PCRA court.  See id. at *1, 6.  The Superior Court concluded that the PCRA court erred in determining that Davis's ineffective-assistance-of-counsel claim relating to the failure of trial counsel to file a motion to suppress, as well as his sentencing-merger claim, were waived.  See id. at *3–4.  Nevertheless,

the Superior Court found that Davis's ineffective-assistance-of-counsel claim was meritless because he introduced no evidence to show that any "motion to suppress would have any possibility of success." See id. at 3. Additionally, the Superior Court determined that the trial court did not err in failing to merge some of his convictions for sentencing purposes. See id. at *4–6.

After the Superior Court's decision, Davis pursued a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied his petition on November 18, 2024. See Commonwealth v. Davis, 329 A.3d 584 (Pa. 2024) (Table); Docket, Commonwealth v. Davis, No. 312 MAL 2024 (Pa. filed July 2, 2024). Davis did not seek further review with the United States Supreme Court.

Davis filed the instant pro se Section 2254 habeas petition in this Court on October 24, 2025.[5] (Doc. No. 1.) Davis raises four (4) claims in his petition, generally arguing that his trial counsel was ineffective and that he entered into an unknowing and unintelligent guilty plea. See (id. at 5–9.) For relief, Davis requests that "the Lower Court [sic] go back to the first plead [sic] deal, because [he] entered [the] second plead [sic] deal without knowledge that he was prejudice [sic] by his first [a]ttorney's action." See (id. at 14.)

_____

[5] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, Davis declares that he placed his petition in the prison's mail system on October 24, 2025. (Doc. No. 1 at 14). As such, the Court uses October 24, 2025, as the petition's filing date even though the Clerk of Court did not docket it until October 28, 2025.

In addition, the Court notes that an Administrative Order issued because Davis neither remitted the filing fee nor sought leave to proceed in forma pauperis when he filed his petition. (Doc. No. 3.) Davis later remitted the fee. (Doc. No. 4.)

The Court screened Davis's Section 2254 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See R. 4, 28 U.S.C. foll. § 2254.  After conducting this screening, the Court determined that it plainly appeared that Davis's petition may be barred by the applicable statute of limitations.  See (Doc. No. 8 at 3).  As such, the Court issued an Order on November 18, 2025, which, inter alia, directed Davis to show cause why the Court should not dismiss his Section 2254 habeas petition as untimely.  (Id. at 6).  After requesting and receiving an extension of time to file a response to the Court's Order (Doc. Nos. 7, 8), Davis timely filed a response on January 9, 2026.  (Doc. No. 9).  The limitations issue is now ripe for resolution.

## II.    LEGAL STANDARD

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. § 2254.  When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See id.

## III.    DISCUSSION

As the Court previously explained (Doc. No. 6 at 3), the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that state prisoners are subject to a one (1)-year statute of limitations for the filing of a Section 2254 petition, which:

shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

8

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). Here, even though Davis does not identify which of AEDPA's limitations provisions he invokes in this case, the only applicable provision is subsection (A), which required him to file the instant petition within one year of the date on which his judgment of sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review." See id. § 2244(d)(1)(A).[6]

---

[6] This appears to be the subsection Davis invokes in his habeas petition. See (Doc. No. 1 at 13 (asserting that "[t]his petition is within [l]imit of 1 year")). The Court notes that in his response to the Order to Show Cause, Davis appears to argue that he qualifies for a later start date under subsections (B) and (D) because his defense attorneys failed to file petitions for a writ of certiorari with the United States Supreme Court. See (Doc. No. 9 at 3). This claim is meritless because any actions by his defense attorneys, even if they were public defenders paid by the Commonwealth, would not qualify as "State action" for purposes of subsection (B). See Polk County v. Dodson, 454 U.S. 312, 320–21 (1981) (determining that a public defender representing a defendant in a criminal case is not engaged in state action, regardless of whether the State provides their compensation). Therefore, "courts have held that negligence by a petitioner's public defender, just like negligence by state-appointed counsel, does not constitute state action for the purposes of § 2241(d)(1)(B) to delay the accrual of the AEDPA statute of limitations." See Henry v. Smith, No. 16-cv-05010, 2017 WL 2963000, at *4 (E.D. Pa. Feb. 28, 2017) (citing cases), report and recommendation adopted, 2017 WL 2957819 (E.D. Pa. July 10, 2017).

Additionally, he does not identify any facts relating to the claims presented in his habeas petition that he did not know when he was first challenging his sentence, which would allow him to attempt to invoke subsection (D). In other words, his focus on defense counsel not filing a petition for a writ of certiorari is not a claim he includes in his habeas petition, so even if he only recently realized that they did not file such petitions with the United States Supreme Court (which is not what he asserts in his response), he is not entitled to the benefit of the later start date set forth in subsection (D).

"[A] state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) and citing Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). In this case, Davis's criminal judgment became final on November 22, 2021, when he did not seek discretionary review by filing a petition for a writ of certiorari with the United States Supreme Court following the Pennsylvania Supreme Court's denial of his petition for allowance of appeal on August 24, 2021. See Sup. Ct. R. 13(1) (providing 90-day period to seek certiorari from "judgment of a lower state court that is subject to discretionary review by the state court of last resort"). As such, he had one year from that the date his judgment became final, i.e., until November 22, 2022, to file a Section 2254 petition unless any statutory or equitable tolling period applies.

Davis is entitled to statutory tolling during the period that he pursued timely PCRA relief. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); see also Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) (explaining that a "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural

---

Finally, Davis seems to believe that he "needed to file a 'certiorari' with the United States Supreme Court in order to have [this] Court hear his issues." See (Doc. No. 9 at 2). Davis is mistaken, and at no point in the Court's Order to Show Cause did the Court state or imply that he needed to file a petition with the United States Supreme Court for this Court to consider his habeas petition. See (Doc. No. 6 at 3–5). Rather, the Court referenced whether Davis filed petitions with the United States Supreme Court in the Order to Show Cause only to the extent that such filings could have affected the calculations relating to the timeliness of his petition. See (id.).

requirements, such as the rules governing the time and place of filing"). In this case, three

hundred and twenty-eight days of AEDPA's one-year limitations period ran until Davis filed his

first PCRA petition on October 16, 2022. See Davis II, 2024 WL 2797081, at *2 (stating date

PCRA petition was filed). The AEDPA limitations period remained tolled until November 18,

2024, when the Pennsylvania Supreme Court denied Davis's petition for allowance of appeal

from the Superior Court's affirmance of the denial of his PCRA petition.[7] At that point, only

thirty-seven days of the limitations period remained. Thus, Davis had to file a Section 2254

petition by December 25, 2024, for it to be timely.[8] Davis did not file his Section 2254 petition

in this case until October 24, 2025, three hundred and three days after the one-year limitations

period ended. Therefore, Davis's petition is untimely under AEDPA unless equitable tolling is

warranted.

AEDPA's one-year statute of limitations is subject to equitable tolling "in appropriate

cases." See Holland v. Florida, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to

equitable tolling' only if [they] show[] '(1) that [they] ha[ve] been pursuing [their] rights

diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented

timely filing." See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis

---

[7] Davis is not entitled to additional tolling for the period within which he could have filed a
petition for a writ of certiorari with the United States Supreme Court following the Pennsylvania
Supreme Court's denial of his petition for allowance of appeal. See Stokes v. Dist. Att'y of
County of Phila., 247 F.3d 539, 542 (3d Cir. 2001) (concluding that "the time during which a
state prison may file a petition for a writ of certiorari with the United States Supreme Court from
the denial of his state post-conviction petition does not toll the one year statute of limitations
under 28 U.S.C. § 2244(d)(2)").

[8] The Court recognizes that because December 25, 2024 is a holiday, Davis would have had
until the next non-holiday, non-weekend day to file his petition. See Fed. R. Civ. P. 6(a)(1)(C)
("When the period is stated in days or a longer unit of time: . . . include the last day of the period,
but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the
end of the next day that is not a Saturday, Sunday, or legal holiday.").

removed in original)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[] equity's operation" (citations omitted)). In generally, equitable tolling may be appropriate if (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

Here, Davis appears to argue that equitable tolling is warranted here because (1) he was abandoned by his defense counsel when they did not file petitions for writs of certiorari with the United States Supreme Court and (2) he is ignorant about the law applicable to habeas petitions. See (Doc. No. 9 at 2–6). As for Davis's allegations of abandonment by his defense counsel or their ineffective assistance, he fails to show that counsel abandoned him, much less than any acts by his counsel had any bearing on his ability to timely file his habeas petition. Moreover, his ignorance of the law does not warrant equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 170 (3d Cir. 2003) (finding that petitioner was not entitled to equitable tolling based on their confusion regarding the law); see also Jones, 195 F.3d at 160 (explaining that a petitioner's "misunderstanding . . . is insufficient to excuse [their] failure to comply with the statute of limitations"); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) (rejecting ignorance of law as basis for equitable tolling). Therefore, Davis's ignorance of the law also

cannot serve as a basis for equitably tolling AEDPA's limitations period in this case.  Overall, Davis's arguments do not show that any extraordinary circumstance prevented him from timely filing his Section 2254 petition in this case to justify the Court invoking equitable tolling.  Accordingly, the Court will dismiss Davis's Section 2254 habeas petition as untimely.

### B.    Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability [("COA")], an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]"  28 U.S.C. § 2253(c)(1)(A).  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, i.e., that Davis's claims are barred by AEDPA's one-year statute of limitations.  Accordingly, the Court will not issue a COA in this case.

IV.    **CONCLUSION**

For the reasons discussed above, the Court will dismiss Davis's Section 2254 habeas petition, decline to issue a COA, and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

14